Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9667 | **DATE** | 12/21/2001 |
| **CASE TITLE** | USA ex rel. Yshanda Wright #K85816 vs. Lincoln Correctional Ctr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, Rule 4 of the rules governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") calls for the summary dismissal of the Petition, and this Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 26 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/21/2001 | |
| SN | courtroom deputy's initials | 01 DEC 21 PM 3:58 date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
YSHANDA WRIGHT #K85816, )
)
              Petitioner, )
)
v. )   No. 01 C 9667
)
LINCOLN CORRECTIONAL CENTER, )
)
              Respondent. )

DOCKETED
DEC 26 2001

MEMORANDUM OPINION AND ORDER

    Yshanda Wright ("Wright") has just used the form provided by this District Court's Clerk's Office for state prisoners' 28 U.S.C. §2254[1] claims to tender a self-prepared Petition for Writ of Habeas Corpus--Person in State Custody ("Petition"), in which she seeks to challenge her first degree murder conviction and the consequent 20-year sentence that she is now serving. Wright has accompanied her Petition with another self-prepared document--her "Motion To Reconsider[2] and Accept Late Filing of Federal Habeus Corpus" ("Motion"). For the reasons stated in this memorandum opinion and order, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") calls for the summary dismissal of the Petition, and this Court

---

    [1] All further references to Title 28's provisions will simply take the form "Section--."

    [2] Actually, as the text of that document makes plain, Wright's motion seeks to have this Court consider her Petition in the first instance--there has been no prior filing and therefore no prior ruling, hence nothing to "reconsider."

so orders.

To begin with, Wright's Motion correctly reflects the untimeliness of her Petition. Although Petition ¶2 recites a December 10, 1999 date for the judgment of conviction, that was actually the date on which the Illinois Appellate Court for the First District entered its 36-page unpublished order ("Order") in its Case No. 1-97-3047, which affirmed Wright's conviction following her bench trial in the Circuit Court of Cook County. Petition Pt. I ¶3 repeats that 1999 date (this time correctly) as the date of affirmance. Then Petition Pt. I ¶4 recites that the Illinois Supreme Court denied leave to appeal on April 5, 2000--and this Court has independently verified that denial, reported in table at 188 Ill.2d 581, 729 N.E.2d 503 (2000). And finally as to the required exhaustion of state court remedies (see Section 2254(b)(1)), Petition Pt. II confirms that Wright has never pursued any state court post-conviction remedy.

All of that being the case, the current filing has been tendered well beyond the expiration of the one-year limitation period prescribed by Section 2244(d)(1)(A), which identifies the Section 2244(d)(1) alternative that started the one-year time clock ticking in Wright's case. Wright seeks to have her tardiness excused on the premise that she was denied effective access to the courts, as reflected in her Motion ¶5:

> I was unable to make the necessary investigation and research in order to prepare and file due to transition

2

in various facilities. The Illinois Department of
Corrections conducted several transitions, the latest
stemming from and all male institutions to a female
institutions. In each of these transitions, as I began
researching and preparing, I was moved to another
facility with different guidelines and procedures for
access to legal library.

    Logan Correctional Center
    April 2000 to September 2000

    Dwight Correctional Center
    September 2000 to January 2001

    Lincoln Correctional Center
    January 2001 to Present

There is of course a recognized constitutional right of access to the courts, though the lack of specificity in identifying its precise constitutional source in the seminal Bounds v. Smith, 430 U.S. 817 (1977) opinion and the later opinion in Lewis v. Casey, 518 U.S. 343 (1996) has occasioned some degree of judicial uncertainty as to the scope and boundaries of that right. But Lewis, id. at 349, 351 has left no doubt that the prisoner claiming a violation of that right must show some actual injury stemming from the claimed deprivation:

> The requirement that an inmate alleging a violation of
> Bounds must show actual injury derives ultimately from
> the doctrine of standing, a constitutional principle
> that prevents courts of law from undertaking tasks
> assigned to the political branches.
>
>     \*        \*        \*
>
> Because Bounds did not create an abstract, freestanding
> right to a law library or legal assistance, an inmate
> cannot establish relevant actual injury simply by
> establishing that his prison's law library or legal
> assistance program is subpar in some theoretical sense.

3

> That would be the precise analog of the healthy inmate
> claiming constitutional violation because of the
> inadequacy of the prison infirmary. Insofar as the
> right vindicated by <u>Bounds</u> is concerned, "meaningful
> access to the courts is the touchstone," <u>id</u>., at 823
> (internal quotation marks omitted), and the inmate
> therefore must go one step further and demonstrate that
> the alleged shortcomings in the library or legal
> assistance program hindered his efforts to pursue a
> legal claim. He might show, for example, that a
> complaint he prepared was dismissed for failure to
> satisfy some technical requirement which, because of
> deficiencies in the prison's legal assistance
> facilities, he could not have known. Or that he had
> suffered arguably actionable harm that he wished to
> bring before the courts, but was so stymied by
> inadequacies of the law library that he was unable even
> to file a complaint.

In this instance it seems an understatement to say that there is considerable doubt whether Wright's two transfers within the Illinois prison system can entitle her to invoke the <u>Bounds-Lewis</u> doctrine successfully. Petition Pt. III, which sets out her three grounds for relief in two single-spaced typewritten pages, surely did not require any intensive use of legal library facilities (especially given the detailed discussion in the Order, which dealt at great length with the arguments made on Wright's behalf by her appellate counsel and also set forth the court's meticulous treatment of those arguments). And perhaps most importantly, Wright has remained in place at Lincoln Correctional Center for somewhere between 10-1/2 and 11-1/2 months (she does not identify just when in January 2001 she was transferred to that institution), so that any notion of an insufficient opportunity to prepare and present her Petition

4

before now appears totally insupportable.

But this Court need not decide that issue now, nor does it have to give Wright a further opportunity to flesh out any claim of actual injury, for her Petition is a total failure in substantive terms in all events. This Court has reviewed the Order in detail, and the Order together with the provisions of Sections 2244 and 2254 plainly spell the death knell for Wright's claims. No extensive discussion is required to demonstrate that.

Wright's proposed first ground for relief asserts the constitutional claim that she suffered the ineffective assistance of counsel, on the premise that her election to proceed via bench trial rather than with an already-impaneled jury was based on what she calls (with apparent hyperbole) "her attorney's guarantee that she would not be found guilty of first degree homicide." But that issue was thoroughly explored by the Appellate Court (Order 16-32), which concluded its discussion with a thoughtful and accurate exposition and application of the basic principles enunciated in Strickland v. Washington, 466 U.S. 688 (1984). As to that first claim, then, Wright fails one or both of the tests prescribed by Section 2254(d) (certainly its first branch and most likely its second branch as well):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Wright's second stated ground for relief is that "[a]n affirmative defense of self defense was not fully explored," but the inclusion of that ground in her current federal habeas Petition is puzzling. It does not in terms assert the deprivation of a <u>federal</u> <u>constitutional</u> <u>right</u> (which is the only potential basis for federal habeas relief under Section 2254(a)) unless it were to be recharacterized as another aspect of the claimed ineffective assistance of counsel. And any claim of that nature faces the insurmountable hurdle that no such argument was tendered to the Illinois state courts.³ That being the case, Wright's failure even to suggest anything to indicate that she can satisfy either prong of the cause-and-prejudice hurdles that must be surmounted to put an issue before a federal habeas court in the first instance amounts to a forfeiture of that argument (cf. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) and its numerous

---

³ Nothing of the sort was specified or even hinted at in the Order 1-2 statement of grounds then raised by Wright's appellate counsel. And Order at 34-35 addresses and dispatches Wright's self defense argument, which was advanced solely in state law terms, as insufficient under Illinois substantive law. That plainly does not qualify as the necessary presentation of that argument on federal constitutional grounds.

progeny).

Wright's final asserted ground for federal habeas relief is that her "use of deadly force was justified." That contention too was presented to and rejected by the Appellate Court as a matter of state law--in both factual and legal terms (Order 32-34)--and hence it too implicates no arguable federal constitutional violation. Even apart from the presumptive correctness of the factual determinations by both the Circuit Court and the Appellate Court (see Section 2254(e)(1)), what has been said regarding the cause-and-prejudice requirement as to Wright's second ground applies with equal force here as well.

Accordingly, as stated at the outset of this opinion, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4).[4] This Court therefore dismisses the Petition summarily (id.).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 21, 2001

---

[4] Even though the Order was not really an exhibit attached to the Petition, it is specifically referred to there--and this Court is of course entitled to take judicial notice of the Illinois Appellate Court's decision.